# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**CITY OF ALBUQUERQUE,**

    **Plaintiff,**

**v.**                              **No. CIV 12-27 JP/ACT**

**REGINALD ADOLPH,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On May 27, 2011, the City of Albuquerque initiated this case in state district court for on-the-record judicial review of the Albuquerque Personnel Board's decision to reinstate the employment of Defendant Reginald Adolph.[1] The state district court reversed the Albuquerque Personnel Board's decision and ordered the City of Albuquerque to terminate Adolph's employment.[2] On December 29, 2011, Adolph filed a Petition for Writ of Certiorari in the New Mexico Court of Appeals, seeking discretionary review of the state district court decision. On January 9, 2012, the City of Albuquerque removed this case to this Court, arguing that Adolph raised due process claims in the Petition for Writ of Certiorari.[3] Adolph now moves the Court to

---

[1] On May 27, 2011, the City of Albuquerque filed a NOTICE OF APPEAL FROM A DECISION OF THE NEW MEXICO PERSONNEL BOARD (Doc. No. 1-1) in the Second Judicial District Court, County of Bernalillo, State of New Mexico.

[2] On November 29, 2011, the Second Judicial District Court filed a MEMORANDUM OPINION AND ORDER (Doc. No. 1-5).

[3] On January 9, 2012, the City of Albuquerque filed a NOTICE OF REMOVAL (Doc. No. 1).

remand this case to the New Mexico Court of Appeals.[4] Adolph also requests an award of reasonable attorney fees and costs incurred by the removal.

The Court has reviewed the parties' arguments and the relevant law, and the Court concludes that the Court does not have jurisdiction over this case. Accordingly, Adolph's Motion to Remand will be granted, and this case will be remanded to the New Mexico Court of Appeals. Additionally, Adolph will be awarded reasonable attorney fees and costs because the City of Albuquerque did not have an objectively reasonable basis to remove this case.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2009, the City of Albuquerque terminated Adolph's employment as a bus driver after Adolph failed a drug test in violation of the City of Albuquerque's 2006 Substance Abuse Policy. Adolph appealed the termination of his employment to the Albuquerque Personnel Board, and a hearing was set for July 10, 2010.

Meanwhile, a lawsuit to determine the validity of the City of Albuquerque's 2006 Substance Abuse Policy was being litigated in the Second Judicial District Court, County of Bernalillo, State of New Mexico. *See* Doc. No. 1-1, at 7. On November 3, 2009, a state district court judge issued an order invalidating the 2006 Substance Abuse Policy on the ground that the City of Albuquerque failed to bargain the terms of the policy with City of Albuquerque unions in good faith. *Id.* Because the 2006 Substance Abuse Policy had been invalidated, the City of Albuquerque could no longer use that policy to support the termination of Adolph's

_____

[4] On February 8, 2012, Defendant Reginald Adolph filed a MOTION TO REMAND (Doc. No. 13). On February 16, 2012, the City of Albuquerque filed the CITY OF ALBUQUERQUE'S RESPONSE TO MOTION TO REMAND (Doc. No. 14) (Response). On March 1, 2012, Defendant filed a REPLY IN SUPPORT OF MOTION TO REMAND (Doc. No. 15) (Reply).

employment, and in June 2010 the City of Albuquerque reinstated Adolph and issued him back pay. *Id.*

Once Adolph's employment was reinstated, the City of Albuquerque initiated a new investigation into Adolph's February 2009 drug test and scheduled a predetermination hearing to determine the proper discipline for Adolph's positive drug test. *See id.* A predetermination hearing was held on July 8, 2010, and on August 6, 2010, the City of Albuquerque terminated Adolph's employment for a second time, this time through the application of the City of Albuquerque's 1999 Substance Abuse Policy. *Id.* at 7-8. Adolph appealed the termination of his employment and went before a Hearing Officer in January 2011. The Hearing Officer recommended that Adolph's employment be reinstated. *See id.* at 5-12. On May 11, 2011, the Albuquerque Personnel Board adopted the recommendation of the Hearing Officer and ordered that Adolph be reinstated in a non-safety sensitive position. *See* Doc. 1-6, at 33.

On May 27, 2011, the City of Albuquerque appealed the decision of the Albuquerque Personnel Board to the Second Judicial District Court, County of Bernalillo, State of New Mexico.[5] On November 29, 2011, the state district court reversed the Albuquerque Personnel Board decision and ordered the termination of Adolph's employment. *See* Doc. No. 1-5. The state district court found that substantial evidence in the record demonstrated that Adolph had violated numerous personnel rules and regulations. *See id.* at 8. The state district court concluded that the only appropriate disciplinary action that the Albuquerque Personnel Board could have taken under the circumstances was to terminate Adolph's employment. *See id.*

---

[5] *See* NOTICE OF APPEAL FROM DECISION OF THE ALBUQUERQUE PERSONNEL BOARD (Doc. No. 1-1); THE CITY'S STATEMENT OF APPELLATE ISSUES (Doc. No. 1-2).

On December 29, 2011, Adolph filed a Petition for Writ of Certiorari in the New Mexico Court of Appeals, asserting that the state district court's decision is contrary to law and that the state district court applied an oversimplified due process analysis. *See* Doc. No. 1-6. Adolph asked the Court of Appeals to reverse the decision of the state district court and to uphold the decision of the Albuquerque Personnel Board. *See* Doc. No. 1-6, at 10.

On January 9, 2012, the City of Albuquerque filed a Notice of Removal, asserting that this case is removable because Adolph raised federal questions in his Petition for Writ of Certiorari filed in the New Mexico Court of Appeals. *See* Notice of Removal. Adolph filed a Motion to Remand, arguing that the federal court does not have jurisdiction over this case, that the City of Albuquerque is not a defendant entitled to remove, and that the City of Albuquerque's Notice of Removal was not timely filed. Adolph asks the Court to remand this case to the New Mexico Court of Appeals and to award Adolph attorney fees and costs.

## DISCUSSION

### A. The Court Lacks Jurisdiction and Will Remand this Case to the New Mexico Court of Appeals.

Adolph argues that remand is proper because the federal district court does not have original jurisdiction over this case. Reply at 4-5. "Under 28 U.S.C. § 1441 a defendant in state court may remove [an action] to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (alteration in original); *see* 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *see* 28 U.S.C. § 1441(b).

The Court has subject matter jurisdiction over claims that arise under federal law. *See* 28

4

U.S.C. § 1331 ("The district courts shall have jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."). When deciding whether a case arises under federal law, the Court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). "[A] plaintiff is the master of his or her complaint and may avoid invoking federal court jurisdiction by alleging solely a state law cause of action in a state court proceeding." *Gallegos v. San Juan Pueblo Bus. Dev. Bd., Inc.*, 955 F. Supp. 1348, 1349 (D.N.M. 1997*); see Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1153 (10th Cir. 2004).

The removal statutes are strictly construed. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) ("[S]tatutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("there is a presumption against removal jurisdiction"); *Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir. 1982) ("removal statutes are to be strictly construed and all doubts are to be resolved against removal" (citations omitted)). The party seeking removal has the burden of proving by a preponderance of the evidence that removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

The City of Albuquerque argues that the Court has federal question jurisdiction because Adolph raised due process issues before the New Mexico Court of Appeals. But to determine whether this case arises under federal law, the Court must look to the City of Albuquerque's complaint. The City of Albuquerque brought this action for judicial review in state district court

5

under Rule 1-074 NMRA. *See* Doc. No. 1-1; Doc. No. 1-2. New Mexico's Rule 1-074 "governs appeals from administrative agencies to the district courts when there is a statutory right of review to the district court."  Thus, the City of Albuquerque's action for judicial review of the Albuquerque Personnel Board decision arises under New Mexico law. The City of Albuquerque did not bring any federal claims in a well-pleaded complaint.

The United States Supreme Court's opinion in *City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997), provides a useful comparison. In *City of Chicago*, the International College of Surgeons (ICS) filed an action for judicial review of a decision by the Chicago Landmarks Commission. *Id.* at 160. In addition to seeking review of the Commission's decision, the ICS brought several federal claims, including constitutional claims under the Fifth and Fourteenth Amendments. *Id.* The City of Chicago removed the case on the basis of federal question jurisdiction, and the ICS sought remand to state court. *Id.* at 161. The United States Supreme Court held that the removal was proper. *Id.* at 164. The ICS was the master of the complaint, and the ICS chose to raise federal claims, subjecting itself to the possibility that the City of Chicago would remove the case to federal court. *Id*. The Supreme Court concluded that "once the case was removed, the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims[.]" *Id*. at 165.

In this case, if the City of Albuquerque's lawsuit had contained a federal claim in addition to the administrative appeal arising under state law, and Adolph, the defendant, had filed a notice of removal, then this Court would have original jurisdiction over the federal claim and might have been able to exercise supplemental jurisdiction over the administrative appeal. However, this case is distinguishable from *City of Chicago* in at least two fundamental respects.

First, the City of Albuquerque filed the administrative appeal under state law without bringing any federal claims. And second, in this case the City of Albuquerque, the plaintiff that initiated the state court action, is the same party that later removed this case to federal court.

The City of Albuquerque concedes that its right to obtain judicial review of the Albuquerque Personnel Board decision is governed by New Mexico law and that the City of Albuquerque could not have brought its administrative appeal in federal court. *Id.* at 6, 11. Despite the absence of any federal claims in the City of Albuquerque's own lawsuit, the City of Albuquerque contends that the Court has federal question jurisdiction over this case because Adolph brought federal claims in the Petition for Writ of Certiorari. Notice of Removal at 4. It appears that the City of Albuquerque is arguing that Adolph raised a federal defense or brought a federal counterclaim in his appeal to the New Mexico Court of Appeals. But neither a federal defense nor a federal counterclaim creates federal question jurisdiction. *See Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002) (explaining that neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction").

Moreover, the Court does not have original jurisdiction over Adolph's appeal to the New Mexico Court of Appeals. "A party aggrieved by the district court's order in an administrative appeal may seek review of the decision by filing a petition for writ of certiorari with the Court of Appeals." *Paule v. Santa Fe Cnty. Bd. of Cnty. Comm'rs*, 2005-NMSC-021, ¶ 14, 138 N.M. 82, 117 P.3d 240. "The decision to grant the writ rests in the sound discretion of the Court of Appeals." *Id.* (internal quotation marks and citation omitted). Adolph's Petition for Writ of Certiorari could not have been filed originally in federal court and does not constitute a "civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because the Court lacks subject-matter jurisdiction over this

case, the Court must remand this case to the New Mexico Court of Appeals. *See Topeka Hous. Auth.*, 404 F.3d at 1247.

The Court has reviewed the other arguments raised by the City of Albuquerque and concludes that none are persuasive. First, in response to Adolph's argument that only defendants are entitled to remove, the City of Albuquerque argues that the Court should construe the City of Albuquerque as the defendant in this case. *See* 28 U.S.C. § 1446(a) (providing that a "*defendant or defendants* desiring to remove any civil action from a State court" can file a notice of removal (emphasis added)).

The City of Albuquerque argues that it is the defendant in this case because Adolph became the "mainspring of the proceedings" when Adolph filed a grievance challenging the termination of his employment. Response at 6. For support the City of Albuquerque relies on *Mason City & Fort Dodge R.R. Co. v. Boynton*, 204 U.S. 570, 580 (1907). *See* Response at 9-10. In *Mason*, a railroad company from Iowa instituted condemnation proceedings against Boynton, a landowner who was a citizen of Missouri. *Id.* at 572-73. Under Iowa's condemnation statute, a commission appointed by the sheriff performed an initial valuation of land slated for condemnation. 204 U.S. at 571. Following the commission's valuation, the Iowa statute gave both the condemning entity and the landowner the right to appeal to state court for de novo valuation. *Id.* Additionally, the Iowa statute provided that the landowner would be the named plaintiff in such an appeal, regardless of which party sought de novo valuation by the state court. 204 U.S. at 571.

The United States Supreme Court held that Boynton could remove the condemnation case from state court to federal court. The Court explained that even though Boynton was the named plaintiff under the Iowa statute, Boynton was a defendant within the meaning of the

removal statute because "[t]he intent of the railroad to get the land is the *mainspring of the proceedings* . . . . Therefore, in a broad sense, the railroad is the plaintiff . . . ." 204 U.S. at 580 (emphasis added).

Adolph argues that *Mason* does not control the outcome in this case. The Court agrees. First, in *Mason* the federal court had original jurisdiction over the case due to diversity of citizenship, which is absent in this case. Second, no statute mandates that the City of Albuquerque be styled as the plaintiff in this lawsuit—the City of Albuquerque is the named plaintiff because the City of Albuquerque chose to initiate this case in state district court. Additionally, condemnation proceedings are not at issue in this case. Finally, to the extent that the City of Albuquerque is arguing that it was a "defendant" in the administrative proceedings, the Court notes that Section 1441 permits only removal of an "action brought in a State court." *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (noting that "the plain language of § 1441(a) allows removal only of proceedings originating in a state court"). The Court concludes that the City of Albuquerque is the plaintiff and had no right under 28 U.S.C. § 1446(a) to remove this case.

Additionally, the City of Albuquerque argues that the Court should deny Adolph's Motion to Remand so the City of Albuquerque can "delve into the merits of Adolph's due process claims" in federal district court. Response at 6, 9. According to the City of Albuquerque, by raising due process arguments in his Petition for Writ of Certiorari, Adolph deprived the City of Albuquerque of the opportunity to engage in discovery and motion practice. *Id.* at 8-9. The City of Albuquerque's argument has no merit. The only claim before the state district court was the City of Albuquerque's administrative appeal under Rule 1-074. Discovery is not allowed in such an appeal. When reviewing an administrative decision under Rule 1-074, a New Mexico

9

district court is "limited to determining whether the administrative agency acted fraudulently, arbitrarily or capriciously; whether the agency's decision is supported by substantial evidence; or whether the agency acted in accordance with the law." *Paule*, 2005-NMSC-021, ¶ 26; *see* Rule 1-074(R). The City of Albuquerque concedes that Rule 1-074 mandates "whole record review," not de novo review, by the district court. Response at 14. The Court concludes that the City of Albuquerque has no right to engage in discovery in federal district court.

Finally, the City of Albuquerque argues that its Notice of Removal was timely filed. Response at 15-16. Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief." The City of Albuquerque filed the Notice of Removal on January 9, 2012, over seven months after the City of Albuquerque initiated this suit in state district court on May 27, 2011. The City of Albuquerque argues that the removal was timely under 28 U.S.C. § 1446(b), which provides that "if the case stated by the initial pleading is not removable," the defendant may file a notice of removal "within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The City of Albuquerque contends that Adolph's Petition for Writ of Certiorari was the first pleading, motion, order or other paper raising a federal due process claim.

The City of Albuquerque's argument is not persuasive. As explained above, the Court is bound by the "long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Adolph's Petition for Writ of Certiorari is not an amended pleading within the meaning of 28 U.S.C. § 1446(b). The City of Albuquerque filed this action in state court, bringing only a state law claim for judicial review of the Albuquerque Personnel Board

decision. The Court does not have original jurisdiction over the City of Albuquerque's action for judicial review or Adolph's appeal to the New Mexico Court of Appeals.

The Court concludes that the City of Albuquerque has not met its burden of proving that this case is removable. The Court does not have federal question jurisdiction over this case, and this case will be remanded.

**B.     The Court Will Award Adolph Reasonable Attorney Fees and Costs.**

Adolph requests attorney fees and costs under 28 U.S.C. § 1447(c), which provides that an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Motion to Remand at 8-9.[6] The City of Albuquerque argues that the Court should not award attorney fees or costs because the City of Albuquerque presented cases and argument to support the removal. Response at 17.

The United States Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). With this general rule in mind, "district courts retain discretion to consider whether unusual circumstances warrant" an award of costs and fees in a given case. *Id.* at 141. It is not necessary that the plaintiff show that the defendants acted in bad faith to win costs and attorney fees. *See Topeka Hous. Auth.*, 404 F.3d at 1248.

---

[6] The Court will allow Adolph to file a motion, supplemented by a affidavits and time records, requesting a reasonable amount of attorney fees and costs.

The Court concludes that the City of Albuquerque lacked an objectively reasonable basis to file a Notice of Removal and that this case presents those unusual circumstances in which attorney fees and costs should be awarded. The City of Albuquerque initiated this lawsuit in state district court as a plaintiff, alleged only a state law claim, and removed the case more than seven months later while a Petition for Writ of Certiorari was pending before the New Mexico Court of Appeals. Any of these circumstances, taken alone, might warrant an award of attorney fees and costs. S*ee, e.g.*, *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) ("A defendant's untimeliness in filing his notice of removal is precisely the type of removal defect contemplated by § 1447(c)." (quotation omitted)); *Porter Trust*, 607 F.3d at 1253-54 (upholding the district court's award of attorney fees in a case where the defendant removed a case pending before a board of city commissioners); *Huber-Happy v. Estate of Rankin*, 233 F. App'x 789, 790 (10th Cir. 2007) (finding removal objectively unreasonable because "federal courts will not assume general jurisdiction over state-court probate matters"); *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978) (reiterating the "fundamental rule" that the existence of federal question jurisdiction is determined solely from the plaintiff's complaint and not any subsequent pleading); *Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282, 1284-85 (D.N.M. 2009) (awarding fees and costs due to the defendant's "blatantly improper removal" of the case from the Arizona Superior Court to the United States District Court for the District of New Mexico).

The City of Albuquerque cannot reasonably argue that the Court would have had subject matter jurisdiction over this action if the case had been filed in this Court originally. And the City of Albuquerque's arguments in support of the removal are completely devoid of merit. Because the City of Albuquerque did not have an objectively reasonable basis to remove this

case, the Court will award Adolph reasonable attorney fees and costs.

Although the Court is remanding this case to New Mexico Court of Appeals, the Court will retain jurisdiction to consider the amount of attorney fees and costs that will be awarded to Adolph and who—the City of Albuquerque, the City's attorney, or both—will be responsible for paying the award. By April 16, 2012, Adolph may file a Motion, with supporting affidavits and time records, requesting a reasonable amount of attorney fees and costs incurred by the improper removal. By April 26, 2012, the City of Albuquerque may file a Response addressing the reasonableness of the attorney fees and costs requested by Adolph, and Adolph may file a Reply by May 7, 2012.

**IT IS ORDERED THAT** (1) Defendant Reginald Adolph's MOTION TO REMAND (Doc. No. 13) is granted; (2) Adolph is entitled to an award of reasonable attorney fees and costs; (3) Adolph may file a Motion for reasonable attorney fees and costs consistent with this Memorandum Opinion and Order by April 16, 2012; and (4) this case is remanded to the New Mexico Court of Appeals.

_____

UNITED STATES DISTRICT COURT JUDGE